# UNITED STATES BANKRUPTCY COURT
## Northern District of Indiana
## Hammond Division

| | |
|---|---|
| In Re: Debtor(s) (name(s) and address)<br>Lauren F.A. Price<br>dba Lauren Price<br>xxx−xx−2448<br>5418 Massachusetts St.<br>Merrillville, IN 46410 | )<br>)<br>)<br>)  Case Number: 17−22232−jra<br>)<br>)<br>)<br>)<br>)  Chapter: 13<br>)<br>)<br>)<br>)<br>)<br>) |

## CHAPTER 13 OPERATING ORDER
## FOR DEBTOR(S) OPERATING A BUSINESS

A Petition for Relief under Chapter 13 of Title 11 of the United States Code ("Bankruptcy Code") was filed in the above−captioned case on August 3, 2017 . And it appearing that the Debtor is engaged in business, pursuant to 11 U.S.C. §704(8), as made applicable by 11 U.S.C. §1304(c), 11 U.S.C. §105(a), Fed. R. Bk. P. 2015(a)(2)−(4), as made applicable by Fed. R. Bk. P. 2015(c), N.D. Ind. L.B.R. B−2015−1, and N.D. Ind. L.B.R. B−2015−2, it is hereby,

**ORDERED**:

1. BOOKS AND RECORDS: That the Debtor−in−Possession shall close the books and records of the Debtor as of the day of the filing of the petition for relief and shall open new books and records for the Debtor−in−Possession, which shall reflect all earnings, receipts, expenses, and disbursements commencing with the date that the petition for relief was filed.

2. BANK ACCOUNTS: That immediately upon filing the petition the Debtor−in−Possession shall close out any and all bank accounts, savings accounts, money market accounts and the like in the name of the Debtor, and shall open up new accounts in the name of the Debtor−in−Possession. During the pendency of the case all receipts shall be deposited and all disbursements shall be made only from the Debtor−in−Possession accounts. All disbursements shall be made by pre−numbered checks.

3. INSURANCE: That the Debtor−in−Possession shall maintain casualty and liability insurance on all property and activities of the bankruptcy estate from an insurance carrier or carriers duly authorized to write insurance in the State of Indiana in amounts sufficient to protect against any risk or loss from any cause. In the event that any property of the Debtor−in−Possession is subject to a security interest, real estate mortgage or other consensual lien, the Debtor−in−possession shall cause a loss−payee certificate to issue relating thereto. The Debtor−in−Possession shall instanter notify the Court, the U.S. Trustee, and the attorney and chairman of any creditors committee, if any, of any notice to cancel or cancellation of any such insurance.

4. COLLECTION, ACCOUNTING FOR, AND DEPOSIT OF POSTPETITION FEDERAL, STATE AND LOCAL TAXES: That pursuant to N.D. Ind. L.B.R. B−2015−2, the Debtor−in−Possession shall segregate, and hold separate and apart from its books and records all monies deducted and withheld from employees, contributed by the Debtor−in−Possession, or collected from others for taxes under

any law of the United States or of any state, deposit the same in a separate bank account, and not later than two business days after any such withholding, contribution, or collection remit the same according to applicable tax laws and regulations.

Compliance with the foregoing shall be verified by attaching true copies of Federal Form 6123, "Verification of Fiduciary's Federal Tax Deposit", and a copy of the State withholding returns to the monthly operating report.

The Debtor−in−Possession shall forward a copy of said forms within seven (7) days of any such deposit to the IRS Insolvency Group 3, P.O. Box 44985−Stop SB380, Indianapolis, IN 46244, and the Indiana Dept. of Revenue − Bankruptcy Section, Room N−203; 100 North Senate Avenue, Indianapolis, Ind. 46204.

5. FILING OF POSTPETITION TAX RETURNS AND PAYMENT OF POSTPETITION TAXES: That pursuant to N.D. Ind. L.B.R. B−2015−2, the Debtor−in−Possession shall file all federal, state, and local tax returns on account of the operations of the estate, and promptly pay when due any and all federal, state, and local taxes arising out of the post−petition operation of the Debtor−in−Possession. Copies of any such federal and state tax returns shall be filed with the Clerk of the Court within fourteen (14) days of filing with the appropriate taxing authorities.

6. MONTHLY OPERATING REPORTS: That pursuant to N.D. Ind. L.B.R. B−2015−1, the Debtor−in−Possession shall file with the Clerk of this Court verified monthly operating reports for each calendar month no later than the 21st of the month following the monthly period being reported. Said reports may be in any meaningful form or format consistent with the size and nature of the Debtor−in−Possession's business, but in any event shall include at a minimum the following:

   A. A summary of total cash receipts and cash disbursements for the monthly reporting period together with a summary for the year to date.

   B. An accounts receivable and accounts payable reconciliation for the monthly reporting period reflecting opening balance, current billed, current collected, and closing balance. The report shall specifically report any post−petition taxes, post−petition trade debt, lease payments, adequate protection payments that have been ordered, and wages that have accrued and which are unpaid.

   C. A reconciliation of inventory for the monthly reporting period reflecting opening balance, inventory purchased, inventory used and closing balance.

   D. Bank account reconciliations for the monthly operating period reflecting opening balance, checks written, deposits made and a closing balance. Payroll deduction deposits should be set out separately.

   E. If payments are made to employees, a statement of the amounts and dates of deductions of all taxes required to be withheld or paid on behalf of employees, the place where these amounts are deposited and of payments thereof transmitted by Federal tax deposit and state withholding forms. Completed copies shall be attached to the monthly operating report to verify compliance. See Clause 4, supra.

   F. A copy of the monthly operating report shall be served on the U.S. Trustee, the Chapter 13 Trustee and the U.S. Attorney.

7. EXPRESS PROHIBITIONS: THE DEBTOR−IN−POSSESSION MAY NOT DO ANY OF THE FOLLOWING WITHOUT PRIOR COURT APPROVAL:

   a. Retain or employ attorneys, accountants, appraisers, auctioneers or other professional persons. See 11 U.S.C. §327.

   b. Compensate any attorney, accountant, broker, appraiser, auctioneer or other professional except as allowed by the Court. See 11 U.S.C. §330.

    c.    Use of cash collateral (or cash equivalents) without the consent of the secured creditor or court authorization. See 11 U.S.C. §363(c)(2). Cash collateral includes proceeds, products, offspring, rents, or profits of property subject to a security interest when reduced to cash.

    d.    Obtain credit or incur unsecured debt other than in the ordinary course of business without court authorization. See 11 U.S.C. §364(b).

    e.    Incur secured debt without court authorization. See 11 U.S.C. §364(c).

    f.    Pay any creditor for goods or services provided before the filing of the Petition except as provided in a confirmed plan. See 11 U.S.C. §549.

    g.    Sell, lease, or use property of the estate other than in the ordinary course of business. See 11 U.S. §363(b).

8.    That the requirements of this Order are in addition to and not exclusive of, other requirements or obligations of law governing operations by a debtor–in–possession. This Order may be modified, amended, vacated or otherwise affected, in whole or in part, without specific reference hereto, by any subsequent orders of this Court addressing the same or similar requirements in a manner inconsistent herewith. No private rights of action are created by this Order, in favor of any party, other than such rights of action as may be available to parties of suitable standing to seek its enforcement by this Court. The U.S. Trustee and the Chapter 13 Trustee is hereby empowered to monitor compliance with this Order, and to have answers to inquiries put to the debtor–in–possession regarding such compliance.

9.    THAT IN THE EVENT THAT DEBTOR–IN–POSSESSION FAILS TO COMPLY WITH THIS ORDER, THE COURT MAY DISMISS THIS CASE OR CONVERT THE SAME TO ONE UNDER CHAPTER 7 OF TITLE 11.

Dated: August 4, 2017 .

                      James R. Ahler
                      Judge, United States Bankruptcy Court

Document No. 9

WE–19
Rev. 5/01/08